# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3032

_____

Donna E. Dains,                                    *
                                                   *
    Plaintiff - Appellant,                         *
                                                   *   Appeal from the United States
v.                                                 *   District Court for the
                                                   *   Eastern District of Missouri.
The Curators of the University of                  *
Missouri,                                          *       **[UNPUBLISHED]**
                                                   *
    Defendant - Appellee.                          *

_____

Submitted:  January 17, 2002

Filed:    February 28, 2002

_____

Before LOKEN, HEANEY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

    Donna E. Dains appeals the dismissal of her sexual harassment claim against her former employer, the University of Missouri - St. Louis. Dains was employed as a radio dispatcher by the University's police department from December 1983 until November 13, 1998, when her dispatcher position was eliminated and her accumulated leave expired. Dains filed a charge of discrimination with the Equal Employment Opportunity Commission on August 16, 1999, and filed this lawsuit on February 22, 2000. In response to the University's motion for summary judgment, Dains submitted an affidavit summarizing sporadic acts of alleged abuse and

harassment by various male University police officers over a ten-year period. The district court[1] nonetheless granted the University's motion on the ground that the sexual harassment claim was untimely because no unlawful act took place within 300 days before Dains filed her EEOC charge.

On appeal, Dains argues her sexual harassment claim is timely because she was the victim of a continuing sexual harassment violation. In this circuit, proof of a continuing violation does not expand the period for which plaintiff may recover damages, but evidence of harassment occurring prior to the statute of limitations period may be admissible to prove that conduct within that period is actionable because it was part of an unlawful continuing violation. See Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 572-73 (8th Cir. 1997); Gipson v. KAS Snacktime Co., 83 F.3d 225, 229-30 (8th Cir. 1996). Thus, the district court properly focused on whether Dains presented sufficient evidence that a pattern of related acts of sexual harassment continued into the limitations period, which began on October 21, 1998, 300 days before she filed her EEOC charge.

Dains argues there were two acts of harassment during the limitations period. First, in late November 1998, weeks after her termination, she was invited by the police department to apply for two available security officer positions. Dains contends this was a continuing act of sexual harassment because she would have been supervised in those positions by Sergeant Gardiner, who was allegedly abusive and hostile to her before termination. Second, in January 2000, more than a year after her termination, Sergeant Gardiner while working at a second job came to the hospital where Dains was then working and called her to say hello. Though seemingly innocuous, Dains averred in her post-deposition affidavit that this contact from a

---

[1]The Honorable FREDERICK R. BUCKLES, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred with consent of the parties pursuant to 28 U.S.C. § 636(c).

former harasser made her fearful.  The district court concluded that these actions did not affect the terms or conditions of Dains's employment, were not based on sex, and therefore were not sufficient evidence of discrimination or continuing sexual harassment during the limitations period to defeat the University's motion for summary judgment.  After careful *de novo* review of the summary judgment record, we agree.  Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-